
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| SCOTT SHOEMAKER, | No. 12-15000 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-1793-RLH-RJJ |
| v. | |
| NORTHROP GRUMMAN TECHNICAL SERVICES, INC., an Oklahoma corporation; and DWIGHT BAKER, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding

Submitted January 17, 2014[**]
San Francisco, California

Before: WALLACE and BYBEE, Circuit Judges, and GETTLEMAN, Senior
District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Robert W. Gettleman, Senior District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

Plaintiff Scott Shoemaker appeals from the district court's summary judgment on plaintiff's claims for improper blacklisting, defamation, tortious interference with contract, tortious interference with prospective economic advantage, and civil conspiracy against defendants Dwight Baker ("Baker") and (under a theory of *respondeat superior*) Northrop Grumman Technical Services, Inc. ("Northrop"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's summary judgment *de novo*. *Obsidian Fin. Group, LLC v. Cox*, 740 F.3d 1284, 1288 (9th Cir. 2014). We shall not recite the factual or procedural record in this case, with which the parties are familiar. The undisputed facts in the record establish that after plaintiff was fired by Northrop he was no longer permitted to access his former unit's computers, folders or files. Baker's report that plaintiff had in fact accessed the unit's computer system was accurate and thus not defamatory. *Unelko Corp. v. Rooney*, 912 F.2d 1049, 1057 (9th Cir. 1990).

Indeed, as found by the district court, Baker and Northrop had a duty to report plaintiff's unauthorized access, and were conditionally privileged to do so. *See Bank of Am. Nev. v. Bourdeau*, 982 P.2d 474, 475-76 (Nev. 1999). Consequently, defendants committed no wrongful act that could subject them to

2

liability for tortious interference with contract, prospective economic advantage, or civil conspiracy.

Finally, the district court correctly concluded that the Nevada statute under which plaintiff based his claim, Nev. Rev. Stat. § 613.210, is a criminal statute that does not confer a private right of action for blacklisting.

**AFFIRMED.**